IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SAUNDEURS SHILOFF, an individual,<br><br>     Plaintiff,<br>vs.<br><br>PAUL THOMPSON and JANE DOE THOMPSON, husband and wife,<br><br>     Defendants. | No.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Saundeurs Shiloff ("Plaintiff"), by and through undersigned counsel, alleges as follows in support of his Complaint:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff currently resides in and is a citizen of California within the meaning and intent of 28 U.S.C. § 1332(a)(1).

2. Upon information and belief, at all relevant times hereto, Defendant Paul Thompson, aka "Paul Neuromancer" ("Defendant") and Jane Doe Thompson ("Mrs. Thompson") (collectively "Defendants") resided, and continue to reside, in New Mexico.

3. Defendants are citizens of New Mexico within the meaning and intent of 28 U.S.C. § 1332(a)(1).

4. Upon information and belief, all acts of Defendant as alleged herein were performed for the benefit of his marital community and/or vice versa with Mrs. Thompson.

5. Defendants are residents of New Mexico and are therefore subject to the general personal jurisdiction of the courts located in the State of New Mexico.

6. Plaintiff is seeking damages against Defendants in excess of $75,000.00 and/or the amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because all Defendants are residents of New Mexico and/or a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

## INTRODUCTION AND FACTS

8. All of the allegations contained within the other sections above and below are hereby incorporated by reference as if fully set out herein.

9. Plaintiff, aka DJ HECC, is a producer of electronic dance music ("EDM").

10. Upon information and belief, Defendant also appears to be a producer of EDM and aspires to compete with Plaintiff.

11. Defendant has published defamatory content on the Internet about Plaintiff that has and will continue to damage his reputation given Plaintiff's large number of EDM fans.

## FACTS

12. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

13. For many years, Plaintiff has struggled to build his reputation in the EDM industry.

14. After overcoming significant personal challenges and attacks on his reputation, Plaintiff has been able to achieve some success as a producer of EDM.

- 3 -

15. Defendant has published and continues to publish false and defamatory statements of fact about Plaintiff on the Internet, including, but not limited to, the following (collectively the "False Statements"):

    A. Plaintiff has/had an underage girlfriend (and has committed statutory rape);

        1. As an adult (over the age of 18), Plaintiff has never been in romantic relationship of any sort with anyone under the age of 18.

    B. Plaintiff has taken nude pictures or nude videos of people.

        1. Plaintiff has never taken nude pictures or nude videos of <u>any</u> individual, much less nude pictures/videos of individuals without consent or females under the age of 18.

    C. Plaintiff has raped or sexually assaulted one or more females.

        1. Plaintiff has never raped or sexually assaulted any individual.

16. Defendant has encouraged various third parties to read and share the False Statements published on the Internet.

17. Defendant has taken, and is continuing to take, advantage of the "me too" movement on social media and incite supporters to further defame and harass Plaintiff.

18. As a direct and proximate result of Defendant's tortious conduct, Plaintiff has sustained, and will continue to sustain, general and special damages.

19. Defendant was directed by Plaintiff's legal counsel to immediately cease and desist the tortious conduct and failed to do so.

20. Despite counsel's written demand to cease and desist, Defendant has continued and will continue to engage in the tortious conduct alleged herein.

## First Claim for Relief

## DEFAMATION AND DEFAMATION PER SE

21. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

22. The False Statements published by Defendant are about and concerning Plaintiff.

23. Without privilege, Defendant communicated the False Statements to third parties via the Internet and/or intentionally made such statements on the Internet, which were accessible to third parties without password protection.

24. Various third parties have viewed and commented on the False Statements published on the Internet and understood them to be defamatory.

25. Given the manner in which the False Statements were published, it is evident that the False Statements have been published to third parties with malice, spite, or ill will and with the intent of causing harm to the reputation and economic interests of Plaintiff.

26. The False Statements published by Defendant impeach the honesty, integrity, or reputation of Plaintiff.

27. The False Statements bring Plaintiff into disrepute, contempt, or ridicule.

28. The False Statements made by Defendant constitute defamation per se and general damages are presumed.

29. In making and publishing the False Statements, Defendant had knowledge of or acted in reckless disregard as to the falsity of the False Statements.

30. Defendant published the False Statements knowing that they would be widely disseminated and result in pecuniary loss, as well as irreparable harm.

31. As a direct and proximate result of Defendant posting the False Statements, Plaintiff has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

32. As a direct and proximate cause of the conduct by Defendant, Plaintiff has and will continue to suffer humiliation, extreme emotional distress, anxiety, depression, stomach aches, headaches, lack of sleep, lack of a desire to eat, emotional pain and suffering, anguish, and loss of self-esteem.

33. Plaintiff has suffered a direct pecuniary loss as the result of the publication of the False Statements.

34. Plaintiff has suffered general and special damages in an amount to be proven at trial.

35. In making and publishing the False Statements, Defendant acted maliciously, willfully, wantonly, and unlawfully.

36. For such willful and malicious acts, Plaintiff hereby seeks punitive damages in addition to actual damages.

37. Defendant's acts, omissions, conduct and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendant intended to harm Plaintiff and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

38. To dissuade Defendant from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendants in the sum of sufficient magnitude to punish Defendant and to deter similar conduct by others.

**Second Claim for Relief**

**FALSE LIGHT INVASION OF PRIVACY**

37. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

38. In making and publishing the False Statements, Defendant caused Plaintiff to be portrayed out of context and in false light.

39. The False Statements are about and concerning Plaintiff.

40. Defendants communicated the False Statements to third parties via the Internet and/or intentionally made such statements on the Internet accessible to third parties without password protection.

41. Defendant's False Statements are and would be highly offensive to a reasonable person and have been published to third parties with the apparent intent of causing harm to Plaintiff.

42. In making and publishing the False Statements, Defendant had knowledge of or acted in reckless disregard as to the falsity of the False Statements and the false light in which Plaintiff would be placed.

43. As a direct and proximate cause of the conduct by Defendant, Plaintiff has and will continue to suffer humiliation, extreme emotional distress, anxiety, depression, stomach aches,

headaches, lack of sleep, lack of a desire to eat, emotional pain and suffering, anguish, and loss of self-esteem.

44. In making and publishing the False Statements, Defendant acted maliciously, willfully, wantonly, and unlawfully.

45. For such willful and malicious acts, Plaintiff hereby seeks punitive damages in addition to actual damages.

46. Defendant's acts, omissions, conduct and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendant intended to harm Plaintiff and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

47. To dissuade Defendant from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendants in the sum of sufficient magnitude to punish Defendant and to deter similar conduct by others.

### Third Claim for Relief

**TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE BUSINESS RELATIONSHIPS**

48. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

49. Plaintiff has existing business relationships with individuals, entities and organizations relating to his business.

50. Plaintiff has a reasonable expectation of future business relationships with existing colleagues, prospective fans, and others with whom Plaintiff does business or with whom Plaintiff

may reasonably expect to do business. This expectancy is based, in part, on the considerable time, energy, and resources it takes to develop the goodwill and reputation associated with Plaintiff's reputation.

51. At all material times hereto, Defendant was aware of Plaintiff's existing and/or prospective business relationships.

52. As described herein, Defendant intentionally and/or purposefully interfered with Plaintiff's existing and prospective relationships by unlawfully making the False Statements.

53. Defendant communicated the False Statements to third parties via the Internet and/or intentionally made such statements on the Internet accessible to third parties without password protection.

54. As a direct and proximate result of the Defendant's conduct, Plaintiff has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

55. Upon information and belief, Plaintiff has suffered a direct pecuniary loss as the result of the publication of the False Statements.

56. Plaintiff has suffered general and special damages in an amount to be proven at trial.

57. In making and publishing the False Statements, Defendant acted maliciously, willfully, wantonly, and unlawfully.

58. For such willful and malicious acts, Plaintiff hereby seeks punitive damages in addition to actual damages.

59. Defendant's acts, omissions, conduct and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendant intended to harm Plaintiff and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

60. To dissuade Defendant from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendants in the sum of sufficient magnitude to punish Defendant and to deter similar conduct by others.

**Fourth Claim for Relief**

**DECLARATORY JUDGMENT**

61. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

62. To the extent Plaintiff is unable to compel Defendant to remove the False Statements through a proper injunction or other court order, Plaintiff desires to have the False Statements removed from the websites at issue and/or deindexed from the search results provided by major Internet search engines, such as Google, Yahoo, and Bing.

63. Having the False Statements removed by the third parties who operate the websites, and/or having the applicable websites deindexed, may be the only potentially viable ways to stop the continuing harm being caused to Plaintiff by the False Statements.

64. Pursuant to the Communications Decency Act, 47 U.S.C. § 230(c) (the "CDA"),

the websites controlled by third parties, along with search engines like Google, are not required to remove defamatory content, even if presented with a court order deeming the content to be defamatory.

65.     However, according to their own policies and procedures, certain websites, along with the certain search engines, may voluntarily agree to remove, redact or deindex defamatory content when presented with a judgment or court order declaring the content to be false and defamatory.

66.     The rights, status, and legal relations of the parties are affected by the dispute described herein.

67.     Pursuant to the Declaratory Judgment Act, 28 U.S.C.A. § 2201 and/or N.M. Stat. Ann. § 44-6-2, Plaintiff seeks declaratory judgment finding that the False Statements are false and defamatory.

**Fifth Claim for Relief**

**APPLICATION FOR PERMANENT INJUNCTION**
(notice only[1])

68.     All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

69.     As a direct and proximate result of the Defendant posting the False Statements, Plaintiff has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of

---

[1] As a courtesy, to ensure adequate notice is being provided to Defendants, Plaintiff is pleading as a claim the remedy of injunctive relief, which he will be seeking in the future, after a determination is made by the appropriate fact-finder as to whether the False Statements are defamatory.

- 10 -

goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

70. The False Statements made by Defendant impeach the honesty, integrity, or reputation of Plaintiff.

71. The False Statements are defamatory on their face.

72. There is a substantial risk that unless Defendant's wrongful acts described herein are permanently enjoined, Defendant will continue to irreparably injure Plaintiff.

73. Plaintiff has no adequate remedy at law; therefore, Plaintiff is entitled to injunctive relief, including, but not limited to, an order requiring Defendant remove the False Statements.

## JURY DEMAND

39. Plaintiff demands a trial by jury for all issues so triable.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. For declaratory judgment finding that the False Statements are false and defamatory.

B. For a permanent injunction compelling Defendant to remove from the Internet all False Statements published or caused to be published by Defendant;

C. For a permanent injunction enjoining Defendant from publishing any False Statement to a third party;

D. For general damages in an amount to be proven at trial;

E. For special damages in an amount to be proven at trial;

F. For punitive damages in an amount to be proven at trial;

      G.      For Plaintiff's costs herein incurred;

      H.      For Plaintiff's reasonable attorneys' fees incurred herein;

      I.      For interest on the foregoing attorneys' fees and court costs at the statutory rate from the date of judgment until paid;

      J.      For prejudgment and post-judgment interest on all damages at the highest rate allowed by law from the date of injury until paid in full; and

      K.      For such other and further relief as the Court deems just and proper.

RESPECTFULLY submitted this 9th day of November, 2020.

**RM WARNER, PLC**

By: */s/ Daniel R. Warner*
     Daniel R. Warner, Esq
     Federal Bar No. 20-207
     8283 N. Hayden Road, Suite 229
     Scottsdale, AZ 85258
     Telephone (480) 331-9397
     Facsimile (866) 961-4984
     dan@rmwarnerlaw.com

**ATTORNEY FOR PLAINTIFF**